Martin W. Schiffmiller  (MS 7939)
KIRSCHSTEIN, OTTINGER,
ISRAEL & SCHIFFMILLER, P.C.
Attorneys for Plaintiff
489 Fifth Avenue
New York, New York 10017-6109
Tel.: (212) 697-3750
Fax: (212) 949-1690

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

VETRERIE BRUNI S.p.A.,

                 Plaintiff

      v.

A.I.G. WINE & SPIRITS CO., INC. and
DESIGNWISE L.L.C.,

               Defendants.

-------------------------------------------------------X

Civil Action No.
07 CV 6166 (DC)

ECF CASE

**JURY TRIAL DEMANDED**

**<u>COMPLAINT</u>**

Plaintiff, complaining of Defendants, alleges as follows through its undersigned

attorneys:

1.  This action is for patent infringement and arises under the patent laws of the United

States, Title 35 of the United States Code. The Court has jurisdiction of this action under 28 U.S.C.

Section 1338(a). Venue is proper in this court under 28 U.S.C. Section 1400(b) inasmuch as, upon

information and belief, Defendants are corporations that either actually reside in this judicial district

or have transacted business and engaged in other acts in this judicial district which render their

contacts with this district sufficient to subject it to personal jurisdiction herein if this district were a separate State and, thus, are deemed to reside in this district under 28 U.S.C. Section 1391(c).

2. Plaintiff Vetrerie Bruni S.p.A. is a corporation organized and existing under the laws of Italy and has its principal office and place of business at Via le Cristoforo Colombo 12/14 20090 Trezzano Sur Naviglio, Italy. Plaintiff is a designer, creator, manufacturer and marketer of high-quality and innovative glass bottles sold empty, e.g., bottles intended to be filled with wines and spirits.

3. Upon information and belief, Defendant A.I.G. Wine & Spirits Co., Inc. ("AIG.") is a corporation organized and existing under the laws of the State of New York and has its principal office and place of business at 334 East 74th Street, Apt. 6B, New York, NY 10021. A.I.G. is an importer and seller of wine and spirit products.

4. Upon information and belief, Defendant DesignWise L.L.C.("DesignWise") is a corporation organized and existing under the laws of the State of Utah and has its principal office and place of business at 636 East 1300 South, Salt Lake City, Utah 84105. DesignWise is, upon information and belief, engaged in the business of supplying bottles sold empty, including such bottles intended to be filled with wine and spirits. Further upon information and belief, DesignWise sells and distributes its products and/or provides its services to customers in the State of New York, including to defendant AIG in this judicial district.

5. On February 23, 1999, United States Patent No. Des. 406,064 (the "'064 patent"), entitled "BOTTLE, PARTICULARLY A WINE BOTTLE," was duly and legally issued to Plaintiff as assignee of the inventor, Vitor Alexandre Medeiros De Santa Maria . A copy of said patent is attached hereto as Exhibit A.

-2-

6. From about 1999-2001, AIG purchased bottles coming within the scope of the '064 patent from Plaintiff, had those bottles filled with vodka in Italy and imported the filled bottles into the United States under the brand name "Mezzaluna." AIG ceased buying the patented bottle from Plaintiff in 2001 and, at a subsequent date, began producing and/or purchasing unauthorized imitations of Plaintiff's patented bottle to be filled with vodka and imported into the United States, notwithstanding that AIG had been advised by Plaintiff that Plaintiff owned exclusive rights in the design of that bottle. AIG has imported into the United States and sold and distributed to U.S. customers significant quantities of the unauthorized imitations of Plaintiff's patented bottle.

7. Upon information and belief, DesignWise has offered for sale and/or sold imitations of Plaintiff's patented bottle to AIG and/or facilitated the production of such imitation bottles for AIG.

8. Defendants AIG and DesignWise have infringed Plaintiff's '064 patent and/or contributed to or induced the infringement thereof by making, using, offering for sale or selling in the United States and/or importing into the United States, subsequent to the issuance of the '064 patent, bottles coming within the scope of said patent without license or authorization from Plaintiff. Upon information and belief, such acts of infringement have occurred, *inter alia*, in the State of New York and in this judicial district. A specimen of an infringing bottle produced, offered for sale, sold and/or imported by Defendants is shown in Exhibit B attached hereto.

9. Plaintiff has been substantially damaged and continues to be damaged by reason of Defendants' infringement of the '064 patent, and, upon information and belief, Defendants have made substantial profits from their acts of patent infringement.

10. Unless enjoined by this Court, Defendants will continue to infringe the '064 patent in disregard of Plaintiff's rights and to Plaintiff's irreparable damage and harm.

11. Plaintiff has no adequate remedy at law and cannot obtain adequate relief save in this Court by an injunction, accounting and damages.

WHEREFORE, Plaintiff prays for judgment that:

a) Defendants, their officers, agents, servants, employees and customers and all those in active concert or participation with them, or any of them, be enjoined pendente lite and permanently from infringing, or contributing to or inducing the infringement of, United States Patent No. Des. 406,064;

b) Defendants be ordered to turn over to Plaintiff for destruction all articles they have in their possession, custody or control which infringe the '064 patent, all molds or tools used to make the infringing articles, and all sales or advertising materials which depict such articles;

c) Defendants be required to account for and pay over to Plaintiff, pursuant to 35 U.S.C. Section 289, all profits made from their infringement of the '064 patent;

d) Plaintiff recover from Defendants any and all damages caused Plaintiff as a result of Defendants' acts of patent infringement, said damages to be trebled as a result of the willful nature of Defendants' acts; and

e) Plaintiff have such other and further relief as the Court may deem just and proper, together with reasonable attorneys' fees and the costs and disbursements of this action.


Respectfully submitted,

KIRSCHSTEIN, OTTINGER,
ISRAEL & SCHIFFMILLER, P.C.
Attorneys for Plaintiff

Dated:  New York, New York
        July 2, 2007

By  Martin W. Schiffmiller
    Martin W. Schiffmiller
    MS 7939

-4-

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

KIRSCHSTEIN, OTTINGER,
ISRAEL & SCHIFFMILLER, P.C.
Attorneys for Plaintiff

Dated:  New York, New York
       July 2, 2007

By _Martin W. Schiffmiller_
    Martin W. Schiffmiller
    MS 7939



US00D406064S

# United States Patent [19]

## Vitor Alexandre

[11] **Patent Number:** **Des. 406,064**

[45] **Date of Patent:** **⁂Feb. 23, 1999**

[54] **BOTTLE, PARTICULARLY A WINE BOTTLE**

[75] Inventor: **Medeiros De Santa Maria Vitor Alexandre**, Rio De Janerio, Brazil

[73] Assignee: **Vetrerie Bruni S.R.L.**, Trezzano Sul Naviglio, Italy

[**] Term: **14 Years**

[21] Appl. No.: **72,574**

[22] Filed: **Jun. 19, 1997**

[30]        **Foreign Application Priority Data**

   Mar. 28, 1997  [IT]  Italy ................................. MI9700180

[51] **LOC (6) Cl.** ........................................ **09-01**
[52] **U.S. Cl.** .............................. **D9/545**; D9/549; D9/575
[58] **Field of Search** ............................ D9/545, 549, 516,
         D9/575, 540, 307, 526, 522, 571; 215/382,
                                     383, 384, 400

[56]              **References Cited**

         U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D. 207,351 | 4/1967 | Knowles | D9/307 |
| D. 213,092 | 1/1969 | Burrough | D9/574 |
| D. 233,979 | 12/1974 | Latorre | D9/544 X |
| D. 256,666 | 9/1980 | Sarda | D9/544 X |
| D. 341,773 | 11/1993 | Dinand | D9/549 X |
| D. 353,773 | 12/1994 | Desgrippes | D9/549 X |
| D. 361,515 | 8/1995 | Caron | D9/516 X |

OTHER PUBLICATIONS

Owens—Illinois Duraglas Container Catalog, 1948, p. 20, bottle LP–5519, lower left.

*Primary Examiner*—Lucy Lieberman
*Attorney, Agent, or Firm*—Darby & Darby

[57]              **CLAIM**

The ornamental design for a bottle, particularly a wine bottle, as shown and described.

              **DESCRIPTION**

FIG. 1 is a front view of a bottle, particularly a wine bottle, showing my new design; and,
FIG. 2 is a left side view, the right side view is a mirror image thereto.
The top, bottom, and portion of the rear of the bottle that are not shown in the drawings or described in the specification do not form part of the claimed design.

              **1 Claim, 2 Drawing Sheets**



# EXHIBIT A

**U.S. Patent**        Feb. 23, 1999        Sheet 1 of 2        **Des. 406,064**



*Fig. 1*



*Fig. 2*



Front View

**EXHIBIT B**



Side View